FILED

2012 APR 23 AM 11: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  JOHNSON & PHAM, LLP
2  Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
3  Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
4  Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
5  Hung Q. Pham, SBN: 276613
        E-mail: ppham@johnsonpham.com
6
7  6355 Topanga Canyon Boulevard, Suite 326
8  Woodland Hills, California 91367
   Telephone:  (818) 888-7540
9  Facsimile:   (818) 888-7544

10
   Attorneys for Plaintiff
11 SPECULATIVE PRODUCT DESIGN, LLC

12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15

16 SPECULATIVE PRODUCT DESIGN,        Case No.: CV12-3475 - GAF
17 LLC, a California Limited Liability                      (AJWx)
   Company d/b/a SPECK PRODUCTS,
18                                     COMPLAINT FOR DAMAGES
19         Plaintiff,                  AND DECLARATORY RELIEF:

20     v.                             (1) FEDERAL TRADEMARK
21                                        INFRINGEMENT [15 *U.S.C.* §
                                          1114/*Lanham Act* §43(a)]
22 DURGA KARKI, an Individual; and    (2) FALSE DESIGNATION OF
   DOES 1-10, Inclusive,                  ORIGIN/UNFAIR
23                                        COMPETITION/FALSE OR
24         Defendants.                    MISLEADING ADVERTISING
25                                        [15 *U.S.C.* §1125(a)];
                                      (3) TRADEMARK DILUTION [15
26                                        *U.S.C.* §1125(c)];
27                                    (4) UNFAIR BUSINESS
                                          PRACTICES [*CALIFORNIA
28                                        BUSINESS & PROFESSIONS*

- 1 -
COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

*CODE* §17200];
(5) **UNJUST ENRICHMENT;**
(6) **FEDERAL COPYRIGHT
INFRINGEMENT [17 U.S.C.
§501(a)];**
(7) **COMMON LAW COPYRIGHT
INFRINGEMENT
[CALIFORNIA CIVIL CODE §
980 ET SEQ., AND
CALIFORNIA COMMON
LAW];**
(8) **DECLARATORY RELIEF.**

**[DEMAND FOR JURY TRIAL]**

COMES NOW, Plaintiff SPECULATIVE PRODUCT DESIGN, LLC, a California Limited Liability Company d/b/a SPECK PRODUCTS (hereinafter "Plaintiff"), hereby alleges as follows:

## PARTIES

1.      Plaintiff, is now, and was at the time of the filing of this Complaint and at all intervening times, a California Limited Liability Company, duly authorized and licensed to conduct business in the state of California, with its principal place of business in Palo Alto, California.

2.      Plaintiff alleges, on information and belief, that DURGA KARKI is now, and was at the time of the filing of this Complaint, an individual residing at 108 Marengo Drive, Morrisville, North Carolina 27560-8660 (hereinafter "Defendant").

3.      Defendant conducts business in the jurisdiction of the United States District Court for the Central District of California by offering counterfeits goods for sale in Los Angeles, California, that infringe on the registered trademarks and copyrights of Plaintiff.

/ / /

4.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

5.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant, and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

6.     Plaintiff further alleges that Defendant, and DOES 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendant upon the causes of action hereinafter set forth and shall henceforth be referred to collectively as "Defendants."

## JURISDICTION/VENUE

7.     This Court has jurisdiction over the subject matter of the First and Second Causes of Action (violation of the Lanham Act) pursuant to 15 United States Code ("U.S.C.") §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

8.     This Court has personal jurisdiction over Defendants since Defendants have committed the tortious and illegal activities of trademark infringement and unfair competition in this district and/or Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered for sale and sold products to consumers within this judicial district that infringe the trademarks of Plaintiff. Defendants have also offered for sale and sold counterfeit products (described more fully below) using an interactive internet website knowing or having reason to know that consumers throughout the United States, including

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1  within this judicial district, would purchase said counterfeit goods from Defendants,

2  believing that they were authentic goods manufactured and distributed by Plaintiff

3  or its authorized manufacturers.

4    9.    Additionally, supplemental jurisdiction exists over Defendants

5  because on information and belief, Defendants conduct business in California and

6  in this judicial district, have purposefully directed action to California and this

7  district, or have otherwise availed themselves of the privileges and protections of

8  the laws of the State of California, such that this Court's assertion of jurisdiction

9  over Defendants does not offend traditional notions of fair play and due process.

10    10.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because

11  on information and belief, a substantial part of the events or omissions giving rise

12  to the claim occurred in this judicial district, and has caused damages to Plaintiff in

13  this district. The counterfeit Speck®-branded products were purchased from

14  California and Defendants purposefully shipped these counterfeit products into

15  California. Defendants' actions within this district directly interfere with and

16  damage Plaintiff's commercial efforts and endeavors and harms Plaintiff's

17  goodwill within this Venue. Additionally, Plaintiff conducts substantial business

18  within this Venue.

19  **GENERAL ALLEGATIONS**

20    11.    Plaintiff is a privately held U.S. corporation founded in Palo Alto,

21  California in 2001 as the product division within Speck Design, as a form fit case

22  company. Plaintiff creates spirited cases for the mobile accessories market.

23    12.    Plaintiff is one of the leading companies in their industry and has

24  gained numerous awards and recognition for its innovative products and designs.

25    13.    Plaintiff is one of the world's leading manufacturers of protective

26  carrying cases for electronic devices, including but not limited to, portable

27  electronic listening devices and music players, namely, mp3 players, and for

28  portable computers, global positioning systems (GPS devices), mobile and cellular

1   telephones, portable media players, and personal digital assistants.

2       14.   Plaintiff develops and manufactures protective carrying cases for

3   products such as the Apple iPhone®, Apple iPad®, Apple iPod®, Apple

4   MacBook®, Notebook bags and sleeves, Smartphones including Blackberry®,

5   HTC®, Sharp®, Samsung®, and Motorola® models, TomTom® GPS navigation

6   devices, portable hard drives such as WD My Passport Elite/Essential®, and the

7   Kindle 3®.

8       15.   Plaintiff is continually striving to discover and develop new, advanced

9   technologies and designs to meet the needs of the ever-advancing consumer

10  electronics industry.   Plaintiff offers over 250 products and is sold in over 75

11  countries worldwide.

12      16.   Plaintiff has spent substantial time, money and effort in developing

13  consumer recognition and awareness of its marks.   Through the extensive use of

14  the Plaintiff's marks, Plaintiff has built up and developed significant goodwill in its

15  entire product line.   A wide array of newspapers, magazines and television

16  networks has included advertising of Plaintiff's products, which are immediately

17  identified by Plaintiff's marks.   Plaintiff has reported $63 million in sales for the

18  year 2010, and $92 million in sales are projected for 2011.

19      17.   Plaintiff is the exclusive owner of federally-registered and common

20  law trademarks. The following is a partial, non-exhaustive list of registered

21  trademarks owned by Plaintiff:

22      A.   SPECK, registered trademark number 3,663,010, registered on

23  August 4, 2009, for use on or in connection with protective carrying cases for

24  portable electronic listening devices and music players, namely, mp3 players, and

25  for portable computers, global positioning systems (GPS devices), mobile and

26  cellular telephones, portable media players, and personal digital assistants, in Class

27  9 (U.S. CLS. 21, 23, 26, 36 and 38);

28  ///

- 5 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

B.      [Design Mark], registered trademark number 3,666,082, registered on August 11, 2009, consisting of an asterisk between parentheses followed by the word "SPECK" in stylized letters; for use on or in connection with protective carrying cases for portable electronic listening devices and music players, namely, mp3 players, and for portable computers, global positioning systems (GPS devices), mobile and cellular telephones, portable media players, and personal digital assistants, in Class 9 (U.S. CLS. 21, 23, 26, 36 and 38);

C.      [Design Mark], registered trademark number 3,666,072, registered on August 11, 2009, consisting of an asterisk between parentheses; for use on or in connection with protective carrying cases for portable electronic listening devices and music players, namely, mp3 players, and for portable computers, global positioning systems (GPS devices), mobile and cellular telephones, portable media players, and personal digital assistants, in Class 9 (U.S. CLS. 21, 23, 26, 36 and 38); and

D.      CANDYSHELL, registered trademark number 3,817,709, registered on July 13, 2010, for use on or in connection with protective carrying cases for portable electronic listening devices and music players, namely, mp3 players, and for portable computers, global positioning systems (GPS devices), mobile and cellular telephones, portable media players, and personal digital assistants, in Class 9 (U.S. CLS. 21, 23, 26, 36 and 38).

Attached hereto as Exhibits "A"-"D," respectively, are true and correct copies of the certificates of registration for each of these federally-registered trademarks (hereinafter "Plaintiff's Marks").

18.   Plaintiff is also the owner of several international trademarks in the following locations: Canada, New Zealand, Republic of Korea, Malaysia, European Community, Hong Kong, Int'l Registration – Madrid Protocol, Taiwan, Australia, Singapore, Japan, Russian Federation, Thailand, and the People's Republic of China.

19.   Plaintiff is also the exclusive owner of federally-registered and common law copyrights.  For example, Plaintiff owns the following copyright registration: VA0001772394, "CandyShell for iPhone 4th Gen Core" (registered May 6, 2011).  This is a partial, non-exhaustive list of registered copyrights owned by Plaintiff.

20.   Defendants use, amongst other things, the Internet auction website known as eBay to sell and distribute products, including counterfeit hard goods bearing Plaintiff's Marks, described above, to consumers.  At any given time, there are millions of items listed on eBay for bid or purchase by its more than one million registered users.  Buyers have the option to purchase items in an auction-style format where users bid on products or items can be purchased at a fixed price through a feature referred to as "Buy It Now."  Using another eBay feature referred to as "Feedback," users who have made a purchase on eBay are given the opportunity to post positive, neutral or negative reviews in relation to their buying experience.  While Feedback can give some indication of sales volume, empirical evidence shows that actual sales far exceed the number of feedback entries a seller receives.

21.   Beginning on a date that is currently unknown to Plaintiff and continuing to the present, Defendants have, without the consent of Plaintiff, offered for sale and sold within the United States (including within this judicial district) goods that were neither made by Plaintiff nor by a manufacturer authorized by Plaintiff (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of Plaintiff's Marks. On information and belief, Plaintiff further alleges that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

/ / /

22.     Defendants own and operate no less than four (4) webpages on eBay.com under the seller IDs "suryaishwor2045", "buyzone11", "achal16", and "karkidab07." Through these webpages, Defendants regularly and systematically advertised, marketed, offered for sale, sold and distributed Counterfeit Goods bearing Plaintiff's Marks. Defendants have sold no less than eight hundred fifty-seven (857) Counterfeit Goods bearing Plaintiff's Marks on eBay under seller IDs "suryaishwor2045", "buyzone11", "achal16", and "karkidab07."

23.     Through such business activities, Defendants purposely derived benefit from their interstate commerce activities by expressly targeting foreseeable purchasers in the State of California. But for Defendants' advertising, soliciting and selling of counterfeit Speck®-branded products, Plaintiff would not have been able to make a purchase of the subject product.

24.     On November 7, 2011, in its ongoing investigation of counterfeit sales of Plaintiff's Speck®-branded products, Plaintiff purchased a purported "Speck candy shell case for Iphone 4g- Pink/Grey" from Defendants' eBay seller ID "suryaishwor2045", for a cost of $15.35 charged to the PayPal electronic payment account of Plaintiff's investigator.  The Counterfeit Goods were shipped into Los Angeles, California within this Court's jurisdiction. Also on November 7, 2011, Plaintiff purchased a purported "Speck candy shell case for Iphone 4 – White with Pink" from Defendants' eBay seller ID "buyzone11", for a cost of $15.25 charged to the PayPal electronic payment account of Plaintiff's investigator.   The Counterfeit Goods were shipped into Los Angeles, California within this Court's jurisdiction. On December 6, 2011, in its ongoing investigation of counterfeit sales of Plaintiff's Speck®-branded products, Plaintiff purchased a purported "Speck CandyShell for iPhone 4-Black w/Pink-ATnT" from Defendants' eBay seller ID "achal16", for a cost of $15.00 charged to the PayPal electronic payment account of Plaintiff's investigator. The Counterfeit Goods were shipped into Los Angeles, California within this Court's jurisdiction. On December 21, 2011, in its ongoing

1  investigation of counterfeit sales of Plaintiff's Speck®-branded products, Plaintiff

2  purchased a purported "Speck candyShell case for Iphone 4-Blue-ATnT" from

3  Defendants' eBay seller ID "karkidab07", for a cost of $16.50 charged to the

4  PayPal electronic payment account of Plaintiff's investigator.   The Counterfeit

5  Goods were shipped into Los Angeles, California within this Court's jurisdiction.

6  True and correct copies of the website purchase receipts are attached hereto as

7  Exhibits "E" – "H" respectively.

8      25.   The purported "Speck candy shell case for Iphone 4g- Pink/Grey,"

9  "Speck candy shell case for Iphone 4 – White with Pink," "Speck CandyShell for

10  iPhone 4-Black w/Pink-ATnT," and "Speck candyShell case for Iphone 4-Blue-

11  ATnT" products purchased from Defendants were inspected by Plaintiff in Los

12  Angeles, California to determine authenticity. Plaintiff's inspection of the

13  purchased items using security measures confirmed that the items Defendants sold

14  to Plaintiff's investigator were in fact counterfeit Speck®-branded products.

15      26.   Defendants intentionally and knowingly accepted Plaintiff's money

16  from a financial institution located in the State of California.

17      27.   Defendants also intentionally and knowingly delivered the Counterfeit

18  Good into the State of California.

19      28.   Defendants use images and names confusingly similar or identical to

20  Plaintiff's Marks to confuse consumers and aid in the promotion and sales of its

21  unauthorized and counterfeit products.   Defendants' use of Plaintiff's Marks

22  include importing, advertising, displaying, distributing, selling and/or offering to

23  sell unauthorized copies of Plaintiff's "Speck candy shell case for Iphone 4g-

24  Pink/Grey," "Speck candy shell case for Iphone 4 – White with Pink," "Speck

25  CandyShell for iPhone 4-Black w/Pink-ATnT," and "Speck candyShell case for

26  Iphone 4-Blue-ATnT."

27      29.   Defendants' use began long after Plaintiff's adoption and use of its

28  trademarks and copyrights, and after Plaintiff obtained the trademark and copyright

1  registrations alleged above.   Neither Plaintiff nor any authorized agents have
2  consented to Defendants' use of Plaintiff's Marks.

3      30.   Defendants' actions have confused and deceived, or threatened to
4  confuse and deceive, the consuming public concerning the source and sponsorship
5  of the counterfeit "Speck candy shell case for Iphone 4g- Pink/Grey," "Speck
6  candy shell case for Iphone 4 – White with Pink," "Speck CandyShell for iPhone
7  4-Black w/Pink-ATnT," and "Speck candyShell case for Iphone 4-Blue-
8  ATnT"sold and distributed by Defendants.  By their wrongful conduct, Defendants
9  have traded upon and diminished Plaintiff's goodwill.   Furthermore, the sale and
10 distribution of Counterfeit Goods by Defendants have infringed upon Plaintiff's
11 federally registered trademarks and copyrights.

12     31.   Defendants' offering for sale, selling, importing and encouraging
13 others to import Counterfeit Goods in this manner was and is likely to cause
14 confusion or to cause mistake and/or to deceive consumers who purchase the
15 Counterfeit Goods.

16     32.   Defendants also offered for sale, sold, imported, and/or encouraged
17 others to import for purpose of resale within the United States Counterfeit Goods
18 consisting of reproductions and/or copies of products bearing Plaintiff's Marks.
19 Defendants' use of Plaintiff's Marks was done without Plaintiff's authorization.

20              **FIRST CAUSE OF ACTION**

21 **(Trademark Infringement Against Defendant DURGA KARKI, and DOES 1-**
22                  **10, Inclusive)**

23          **[15 *U.S.C.* §1114/*Lanham Act* §43(a)]**

24     33.   Plaintiff hereby incorporates by reference each of the other allegations
25 set forth elsewhere in this Complaint as though fully set forth in this cause of
26 action.

27     34.   Defendants' actions as described herein constitute direct and/or
28 contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a).

35.     As a proximate result of Defendants' trademark infringement, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff alleges on information and belief that, as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

36.     At all relevant times, Defendants acted intentionally and/or willfully in using Plaintiff's Marks on the Counterfeit Goods, knowing that Plaintiff's Marks belonged to Plaintiff that the Counterfeit Goods were in fact counterfeit, and that Defendants were not authorized to use Plaintiff's Marks on the Counterfeit Goods. Plaintiff is therefore entitled to recovery of treble damages pursuant to 15 U.S.C. §1117(a). Further, Defendants' knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiff to an award of reasonable attorney fees pursuant to 15 U.S.C. §1117(a).

37.     Defendants' actions also constitute the use by Defendants of one or more "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B). Plaintiff therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. §1117(c)(1) and/or (2).

38.     The acts of direct and/or contributory trademark infringement committed by Defendants have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## SECOND CAUSE OF ACTION

**(False Designation of Origin, False or Misleading Advertising Against Defendant DURGA KARKI, and DOES 1-10, Inclusive)**

**[15 U.S.C. §1125 (a)]**

39.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

40.    Defendants' actions as described herein constitute direct and/or contributory violation of 15 *U.S.C.* §1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, and/or approval of such Counterfeit Goods by Plaintiff.

41.    As a proximate result of Defendants' violation as described herein, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff alleges on information and belief that, as a proximate result of Defendants' direct and/or contributory trademark infringement, Defendants have unlawfully profited, in an amount to be proven at trial.

42.    Defendants' acts of violating, directly and/or contributory, 15 *U.S.C.* §1125, have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## THIRD CAUSE OF ACTION

**(Dilution Against Defendant DURGA KARKI, and DOES 1-10, Inclusive)**

**[15 U.S.C. §1125(c)]**

43.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

44.    Plaintiff's Marks are distinctive and famous within the meaning of the Lanham Act.

45.    Upon information and belief, Defendants' unlawful actions began long after Plaintiff's Marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Marks.  Defendant's conduct is willful, wanton and egregious.

46.    Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's Marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations

are genuine products manufactured by Plaintiff. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's Marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's Marks, and injure the business reputation of Plaintiff and Plaintiff's Marks.

47.    Defendants' acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

48.    As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

### (Unfair Competition Against Defendant DURGA KARKI, and DOES 1-10, Inclusive)

### California Bus. & Professional Code §17200 *et seq.*

49.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

50.    Defendants' actions described herein constitute unlawful, unfair and/or fraudulent business acts or practices. Defendants' actions thus constitute "unfair competition" pursuant to *California Business & Professionals Code* §17200.

51.    As a proximate result of Defendants' actions, Plaintiff has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its trademarks. Plaintiff therefore has standing to assert this claim pursuant to *California Business*

1 | & *Professions Code* §17204.

2   52.   Defendants' actions have caused, and will continue to cause Plaintiff
3 to suffer irreparable harm unless enjoined by this Court pursuant to *California*
4 *Business & Professions Code* §17203. In addition, Plaintiff requests that the Court
5 order that Defendants disgorges all profits wrongfully obtained as a result of
6 Defendant's unfair competition, and order that defendant pay restitution to Plaintiff
7 in an amount to be proven at trial.

8                    **FIFTH CAUSE OF ACTION**

9   **(Unjust Enrichment Against Defendant DURGA KARKI, and DOES 1-10,**
10                              **Inclusive)**

11   53.   Plaintiff hereby incorporates by reference each of the other allegations
12 set forth elsewhere in this Complaint as thought fully set forth in this cause of
13 action.

14   54.   By virtue of the egregious and illegal acts of Defendants as described
15 above, Plaintiff has been unjustly enriched in an amount to proven at trial.

16   55.   Defendants' retention of monies gained through its deceptive business
17 practices, infringement, acts of counterfeit and otherwise would serve to unjustly
18 enrich Defendants and would be contrary to the interests of justice.

19                    **SIXTH CAUSE OF ACTION**

20   **(Federal Copyright Infringement Against Defendant DURGA KARKI, and**
21                        **DOES 1-10, Inclusive)**

22                    **[17 U.S.C. §501(a)]**

23   56.   Plaintiff hereby incorporates by reference each of the other allegations
24 set forth elsewhere in this Complaint as thought fully set forth in this cause
25 of action.

26   57.   Plaintiff is the exclusive owner of copyrights in and related to its
27 Speck®-branded products, having numerous registrations and applications relating
28 to same pending with the United States Copyright Office.

58.   Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright protected materials.

59.   Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's protected works by offering, advertising, promoting, retailing, selling, and distributing counterfeit Speck®-branded products contained within product packaging which is at a minimum substantially similar to Plaintiff's copyright protected product packaging.

60.   Defendants' acts as alleged herein, constitute infringement of Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

61.   Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

## SEVENTH CAUSE OF ACTION

**(Common Law Copyright Infringement Against Defendant DURGA KARKI, and DOES 1-10, Inclusive) [California Civil Code § 980 et seq., and California Common Law]**

62.   Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

63.   At all times relevant herein, Plaintiff has held and still holds the exclusive rights under California law and common law to reproduce, distribute, or license the reproduction and distribution of the artwork, design, pictures,

1   representation, model and patterns protected by Plaintiff's Common Law

2   Copyrights in any and all formats and mediums, throughout the United States.

3       64.   The artwork, design, pictures, representation, model and pattern of

4   protected by Plaintiff's Common Law Copyrights are original works in tangible

5   form which have been widely disseminated and published.

6       65.   The conduct herein complained of was extreme, outrageous,

7   fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's

8   rights. Defendants' acts have irreparably harmed and continue to harm Plaintiff's

9   exclusive proprietary rights and constitute common law copyright infringement

10  and unfair competition. Defendants' outrageous conduct supports an award of

11  exemplary and punitive damages in an amount sufficient to punish and make an

12  example of Defendants and to deter them from similar conduct in the future.

13      66.   Each infringing transfer, duplication, sale, rental, distribution, display

14  and other exploitation of the artwork, design, pictures, representation, model and

15  patterns protected by Plaintiff's Common Law Copyrights constitutes a separate

16  claim against Defendants under common law copyright and California Civil Code

17  § 980.

18                        **REQUEST FOR RELIEF**

19      WHEREFORE, Plaintiff SPECULATIVE PRODUCT DESIGN, LLC

20  hereby respectfully requests the following relief against Defendant DURGA

21  KARKI, and DOES 1-10, inclusive, and each of them as follows:

22      1. For an award of Defendants' profits and Plaintiff's damages in an amount

23         to be proven at trial for trademark infringement under 15 U.S.C.

24         §1114(a);

25      2. For an award of Defendants' profits and Plaintiff's damages in an amount

26         to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

27      3. For an award of Defendants' profits and Plaintiff's damages in an amount

28         to be proven at trial for false designation of origin and unfair competition

under 15 U.S.C. §1125(a);

4. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

5. In the alternative to actual damages and Defendants' profits for the infringement of Plaintiff's trademark pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to the rendering of final judgment;

6. In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b), for statutory damages pursuant to 17 USC §504(c), which election Plaintiff will make prior to the rendering of final judgment;

7. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business & Professions Code* §17200;

8. Preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concern or participation with it, and each of them, from:

   a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit Speck® product identified in the Complaint and any other unauthorized Speck® product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

   b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage,

consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any of Plaintiff's trademarks, trade name and/or trade dress including, but not limited to, any of Plaintiff's Marks at issue in this action.

c. The unauthorized use, in any manner whatsoever, of any of Plaintiff's trademarks, trade name and/or trade dress including, but not limited to, Plaintiff's Marks at issue in this action, any variants, colorable imitations, translations, and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

    i. On or in conjunction with any product or service; and

    ii. On or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

d. The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembles, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff.

e. Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendants themselves are connected

with, or are in some way sponsored by or affiliated with Plaintiff, purchases product from or otherwise have a business relationship with Plaintiff.

f.  Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

g.  Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Marks; and/or

h.  Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any of Plaintiff's Marks or which otherwise refer or relate to Plaintiff or any of Plaintiff's Marks.

9. Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

10. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of

- 19 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1    monies that should have been paid if Defendants' complied with their

2    legal obligations, or as equity requires;

3    11. For an order from the Court that an asset freeze or constructive trust be

4    imposed over all monies and profits in Defendants' possession which

5    rightfully belong to Plaintiff;

6    12. Pursuant to 15 U.S.C. §1118 and 17 U.S.C. §503 requiring that

7    Defendants and all others acting under Defendants' authority, at their

8    cost, be required to deliver up to Plaintiff for destruction all products,

9    accessories, labels, signs, prints, packages, wrappers, receptacles,

10    advertisements, and other material in their possession, custody or control

11    bearing any of Plaintiff's Marks alone, or in combination with any other

12    word, words, or design;

13    13. For treble damages suffered by Plaintiff as a result of the willful and

14    intentional infringements engaged in by Defendants, under 15 U.S.C.

15    §1117(b);

16    14. For damages in an amount to be proven at trial for unjust enrichment;

17    15. For an award of exemplary or punitive damages in an amount to be

18    determined by the Court;

19    16. For Plaintiff's reasonable attorney's fees;

20    17. For all costs of suit; and

21    18. For such other and further relief as the Court may deem just and

22    equitable.

23    ///

24    ///

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff SPECULATIVE PRODUCT DESIGN, LLC respectfully demands

3   a trial by jury in this action.

4

5   DATED:  April 19, 2012            JOHNSON & PHAM, LLP

6

7

8   By: _____
    Christopher Q. Pham, Esq.

9   Marcus F. Chaney, Esq.
    Attorneys for Plaintiff

10  SPECULATIVE PRODUCT DESIGN, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

# Exhibit A

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 3,663,010

Registered Aug. 4, 2009

**TRADEMARK**
**PRINCIPAL REGISTER**

# SPECK

SPECULATIVE PRODUCT DESIGN, INC. (CALI-
FORNIA CORPORATION), DBA SPECK PRO-
DUCTS

227 FOREST AVENUE

PALO ALTO, CA 94301

FOR: PROTECTIVE CARRYING CASES FOR
PORTABLE ELECTRONIC LISTENING DEVICES
AND MUSIC PLAYERS, NAMELY, MP3 PLAYERS,
AND FOR PORTABLE COMPUTERS, GLOBAL PO-
SITIONING SYSTEMS (GPS DEVICES), MOBILE
AND CELLULAR TELEPHONES, PORTABLE MED-

IA PLAYERS, AND PERSONAL DIGITAL ASSIS-
TANTS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-31-2003; IN COMMERCE 12-31-2003.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-598,150, FILED 10-22-2008.

AISHA SALEM, EXAMINING ATTORNEY

# Exhibit B

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,666,082
Registered Aug. 11, 2009

## TRADEMARK
### PRINCIPAL REGISTER



SPECULATIVE PRODUCT DESIGN, INC. (CALIFORNIA CORPORATION), DBA SPECK PRODUCTS

227 FOREST AVENUE
PALO ALTO, CA 94301

FOR: PROTECTIVE CARRYING CASES FOR PORTABLE ELECTRONIC LISTENING DEVICES AND MUSIC PLAYERS, NAMELY, MP3 PLAYERS, AND FOR PORTABLE COMPUTERS, GLOBAL POSITIONING SYSTEMS (GPS DEVICES), MOBILE AND CELLULAR TELEPHONES, PORTABLE MEDIA PLAYERS, AND PERSONAL DIGITAL ASSISTANTS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-31-2007; IN COMMERCE 1-31-2007.

THE MARK CONSISTS OF AN ASTERISK BETWEEN PARENTHESES FOLLOWED BY THE WORD "SPECK" IN STYLIZED LETTERS.

SER. NO. 77-600,462, FILED 10-24-2008.

AISHA SALEM, EXAMINING ATTORNEY

# Exhibit C

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,666,072

Registered Aug. 11, 2009

## TRADEMARK
### PRINCIPAL REGISTER



SPECULATIVE PRODUCT DESIGN, INC. (CALIFORNIA CORPORATION), DBA SPECK PRODUCTS
227 FOREST AVENUE
PALO ALTO, CA 94301

FOR: PROTECTIVE CARRYING CASES FOR PORTABLE ELECTRONIC LISTENING DEVICES AND MUSIC PLAYERS, NAMELY, MP3 PLAYERS, AND FOR PORTABLE COMPUTERS, GLOBAL POSITIONING SYSTEMS (GPS DEVICES), MOBILE AND CELLULAR TELEPHONES, PORTABLE MEDIA PLAYERS, AND PERSONAL DIGITAL ASSISTANTS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-31-2007; IN COMMERCE 1-31-2007.

THE MARK CONSISTS OF AN ASTERISK BETWEEN PARENTHESES.

SER. NO. 77-598,153, FILED 10-22-2008.

AISHA SALEM, EXAMINING ATTORNEY

# Exhibit D

# United States of America
## United States Patent and Trademark Office

# CANDYSHELL

**Reg. No. 3,817,709**

**Registered July 13, 2010**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

SPECULATIVE PRODUCT DESIGN, INC. (CALIFORNIA CORPORATION), DBA SPECK PRODUCTS
227 FOREST AVENUE,
PALO ALTO, CA 94301

FOR: PROTECTIVE CARRYING CASES FOR MP3 PLAYERS, MOBILE AND CELLULAR TELEPHONES, PORTABLE MEDIA PLAYERS, AND PERSONAL DIGITAL ASSISTANTS , IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-6-2009; IN COMMERCE 1-6-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-881,213, FILED 11-25-2009.

MATTHEW PAPPAS, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# Exhibit E

**PayPal**

Log Out | Help | Security and Protection          Search

| My Account | Send Money | Request Money | Merchant Services | Products & Services |

Overview   Add Funds   Withdraw   History   Statements   Resolution Center   Profile

## Transaction Details

Express Checkout Payment Sent (Unique Transaction ID #8ER13700EH2048248)

### Original Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Nov 7, 2011 | Payment To Durga Karki | Completed | ... | -$15.35 USD |

### Related Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Nov 7, 2011 | Add Funds from a Bank Account | Completed | Details | $15.35 USD |

### Shopping Cart Contents

| Qty | Item | Options | Price |
|-----|------|---------|-------|
| 1 | Speck candy shell case for iphone 4g- Pink/ Grey<br>Item # 220888084051 | | $15.35 USD |
| | | Amount | $15.35 USD |

Item Total: $15.35 USD
Sales Tax:
Shipping: $0.00 USD
Seller discount or charges: $0.00 USD

Total amount: -$15.35 USD
Fee amount: $0.00 USD
Net amount: -$15.35 USD
Date: Nov 7, 2011
Time: 10:41:36 PST
Status: Completed

Insurance: $0.00 USD

Shipping Address: Annie Garib
23679 Calabasas Rd
Apt 759
Calabasas, CA 91302-1502
United States
Confirmed ✓

Payment To: Durga Karki   (The recipient of this payment is Unverified)
Seller's ID: suryalshwor2045
Seller's Email: tdasa70@gmail.com

Funding Type: Instant Transfer
Funding Source: $15.35 USD - Chase Checking (Confirmed) x-2785
Back Up Funding Source: Visa Card XXXX-XXXX-XXXX-9066

Need help? If you have problems with an eBay transaction or want help settling a dispute with an eBay seller, go to the eBay Resolution Center. PayPal and eBay strongly recommend that you attempt to resolve issues directly with the seller whenever possible.

Description: Shopping Cart

Return to My Account

About Us | Contact Us | Legal Agreements | Privacy | Fees | Site Feedback | [x]

Copyright © 1999-2011 PayPal. All rights reserved.
Information about FDIC pass-through insurance

**Exhibit F**

**PayPal**

My Account | Send Money | Request Money | Merchant Services | Products & Services

Overview   Add Funds   Withdraw   History   Statements   Resolution Center   Profile

## Transaction Details

Express Checkout Payment Sent (Unique Transaction ID #6UT42423J9807833K)

### Original Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Nov 7, 2011 | Payment To Durga Karki | Completed | .. | -$15.25 USD |

### Related Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Nov 7, 2011 | Add Funds from a Bank Account | Completed | Details | $15.25 USD |

### Shopping Cart Contents

| Qty | Item | Options | Price |
|-----|------|---------|-------|
| 1 | Speck candy shell case for iphone 4- White with Pink Item # 150693070658 | | $15.25 USD |
| | | Amount | $15.25 USD |

Item Total: $15.25 USD
Sales Tax:
Shipping: $0.00 USD
Seller discount or charges: $0.00 USD

Total amount: -$15.25 USD
Fee amount: $0.00 USD
Net amount: -$15.25 USD
Date: Nov 7, 2011
Time: 10:41:34 PST
Status: Completed

Insurance: $0.00 USD

Shipping Address: Annie Garib
23679 Calabasas Rd
Apt 759
Calabasas, CA 91302-1502
United States
Confirmed ?

Payment To: Durga Karki   (The recipient of this payment is Unverified)
Seller's ID: buyzone11
Seller's Email: ldaaa70@gmail.com

Funding Type: Instant Transfer
Funding Source: $15.25 USD - Chase Checking (Confirmed) x-2785
Back Up Funding Source: Visa Card XXXX-XXXX-XXXX-9066

Need help? If you have problems with an eBay transaction or want help settling a dispute with an eBay seller, go to the eBay Resolution Center. PayPal and eBay strongly recommend that you attempt to resolve issues directly with the seller whenever possible.

Description: Shopping Cart

Return to My Account

Copyright © 1999-2011 PayPal. All rights reserved.
Information about FDIC pass-through insurance

# Exhibit G

**PayPal**

My Account | Send Money | Request Money | Merchant Services | Products & Services

Overview   Add Funds   Withdraw   History   Statements   Resolution Center   Profile

## Transaction Details

Express Checkout Payment Sent (Unique Transaction ID #9X752897P8603031P)

### Original Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Dec 6, 2011 | Payment To Durga Karlu | Completed | | -$15.00 USD |

### Related Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Dec 6, 2011 | Add Funds from a Bank Account | Completed | Details | $15.00 USD |

### Shopping Cart Contents

| Qty | Item | Options | Price |
|-----|------|---------|-------|
| 1 | Speck CandyShell Case for iPhone 4-Black w/ Pink AT&T Item # 270355975123 | | $15.00 USD |
| | | Amount | $15.00 USD |

| | |
|---|---|
| **Item Total:** | $15.00 USD |
| **Sales Tax:** | |
| **Shipping:** | $0.00 USD |
| **Seller discount or charges:** | $0.00 USD |
| **Total amount:** | -$15.00 USD |
| **Fee amount:** | $0.00 USD |
| **Net amount:** | -$15.00 USD |
| **Date:** | Dec 6, 2011 |
| **Time:** | 10:58:18 PST |
| **Status:** | Completed |
| **Insurance:** | $0.00 USD |
| **Shipping Address:** | Anne Garb 23079 Calabasas Rd Apt 759 Calabasas, CA 91302-1502 United States Confirmed |
| **Payment To:** | Durga Karlu   (The recipient of this payment is Unverified) |
| **Seller's ID:** | achali8 |
| **Seller's Email:** | achduka311@gmail.com |
| **Funding Type:** | Instant Transfer |
| **Funding Source:** | $15.00 USD - Chase Checking (Confirmed) x-2765 |
| **Back Up Funding Source:** | Visa Card XXXX-XXXX-XXXX-9066 |
| **Tracking Number:** | 9101128882300035782118 |
| **Carrier:** | USPS |
| **Order Status:** | Shipped (Dec 7, 2011) |

Need help? If you have problems with an eBay transaction or want help settling a dispute with an eBay seller, go to the eBay Resolution Center. PayPal and eBay strongly recommend that you attempt to resolve issues directly with the seller whenever possible

| | |
|---|---|
| **Description:** | Shopping Cart |

Return to My Account

Copyright © 1999-2011 PayPal. All rights reserved.
Information about FDIC pass-through insurance

# Exhibit H

Log Out | Help | Security and Protection

Search

**PayPal**

My Account | Send Money | Request Money | Merchant Services | Products & Services

Overview   Add Funds   Withdraw   History   Statements   Resolution Center   Profile

## Transaction Details

Express Checkout Payment Sent (Unique Transaction ID #4P3835040N826890C)

### Original Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Dec 21, 2011 | Payment To Durga Karki | Completed | | -$16.50 USD |

### Related Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Dec 21, 2011 | Add Funds from a Bank Account | Completed | Details | $16.50 USD |

### Shopping Cart Contents

| Qty | Item | Options | Price |
|-----|------|---------|-------|
| 1 | Speck candyShell case for Iphone 4 Blue-AT&T Item # 320515434612 | | $16.50 USD |
| | | Amount | $16.50 USD |

| | |
|---|---|
| Item Total: | $16.50 USD |
| Sales Tax: | |
| Shipping: | $0.00 USD |
| Seller discount or charges: | $0.00 USD |
| Total amount: | -$16.50 USD |
| Fee amount: | $0.00 USD |
| Net amount: | -$16.50 USD |
| Date: | Dec 21, 2011 |
| Time: | 19:29:52 PST |
| Status: | Completed |
| Insurance: | $0.00 USD |

Shipping Address: Annie Ganb
23679 Calabasas Rd
Apt 758
Calabasas, CA 91302-1502
United States
Confirmed

Payment To: Durga Karki   (The recipient of this payment is Unverified)
Seller's ID: karkidab07
Seller's Email: karki_durga@hotmail.com

Funding Type: Instant Transfer
Funding Source: $16.50 USD - Chase Checking (Confirmed) x-2785
Back Up Funding Source: Visa Card XXXX-XXXX-XXXX-0066

Tracking Number: 9101128802300072580610
Carrier: USPS
Order Status: Shipped (Dec 22, 2011)

Need help? If you have problems with an eBay transaction or want help setting a dispute with an eBay seller, go to the eBay Resolution Center. PayPal and eBay strongly recommend that you attempt to resolve issues directly with the seller whenever possible

Description: Shopping Cart

Return to My Account

About Us | Contact Us | Legal Agreements | Privacy | Fees | Site Feedback | +|

Information about FDIC pass-through insurance

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV12- 3475 GAF (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
Christopher Q. Pham, SBN: 206697
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, CA 91367
Ph: (818) 888-7540 Fax: (818) 888-7544

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECULATIVE PRODUCT DESIGN, LLC, a California Limited Liability Company d/b/a SPECK PRODUCTS,<br><br>PLAINTIFF(S)<br><br>v.<br><br>DURGA KARKI, an Individual; and DOES 1-10, Inclusive,<br><br>DEFENDANT(S), | CASE NUMBER<br><br>**CV12-3475** GAF(AJWx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S): DURGA KARKI, an Individual; and DOES 1-10, Inclusive

    A lawsuit has been filed against you.

    Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Christopher Q. Pham, Esq._____, whose address is _6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

APR 2 3 2012

Dated: _____

Clerk, U.S. District Court

By: _Marily Dun_____
      Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| SPECULATIVE PRODUCT DESIGN, LLC, a California Limited Liability Company a/k/a SPECK PRODUCTS | DURGA KARKI, an individual, and DOES 1-10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JOHNSON & PHAM, LLP 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367 Ph (818) 888-7540, Fax (818) 888-7544 | |

II. BASIS OF JURISDICTION (Place an X in one box only.)

III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| □ 1 U.S. Government Plaintiff | ☑ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| □ 2 U.S. Government Defendant | □ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| | | Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

IV. ORIGIN (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT:   JURY DEMAND: ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: □ Yes ☑ No      □ MONEY DEMANDED IN COMPLAINT: $_____

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement (15 U.S.C. Section 1114/Lanham Act Section 32(a)); Federal Copyright Infringement (17 U.S.C. Section 501(a))

VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 443 Housing/Accommodations | □ 630 Liquor Laws | SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 640 R.R. & Truck | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | | □ 445 American with Disabilities Employment | □ 650 Airline Regs | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | □ 446 American with Disabilities Other | □ 660 Occupational Safety/Health | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 462 Naturalization Application | □ 440 Other Civil Rights | □ 690 Other | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 463 Habeas Corpus-Alien Detainee | | | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determination Under Equal Access to Justice | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability □ 290 All Other Real Property | | | | □ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number _____ CV12-3475

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Santa Clara County, California |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | North Carolina |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 4/20/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |